UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

J. PEARL BUSSEY-MORICE, as
Personal Representative of the
Estate of Preston Bussey, III,

    Plaintiff,

vs.

PATRICK KENNEDY, TIMOTHY
HERBERNER, TIMOTHY HEWITT,
YVETTE GOMEZ, DON WILLIAMS,
ROBERT OWENS and MATTHEW
LEVERICH,

    Defendants.
_____/

CASE NO:  6:11-cv-970-Orl-35-GJK

## DEFENDANT MATTHEW LEVERICH'S RESPONSE
## TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant MATTHEW LEVERICH, by and through undersigned counsel, responds to Plaintiff's Request for Production, certificate date September 9, 2011, as follows:

1. Full copy of your human resources, personnel, employee files as a Rockledge, Florida police officer including all disciplinary matters, course/training completions, certifications, licenses, citizen/public complaints, candidate psychological evaluation, and employment application/questionnaire.

**RESPONSE**:

The Defendant objects to this Request pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(i). The Defendant further objects to the extent this Request calls for the production of pre-employment records, including, without limitation, any employment applications/ questionnaires and also to the extent the request calls for the production of psychological

evaluation records, as that Request would violate this Defendant's constitutional right to privacy, is beyond the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the Defendant objects that, to the extent such psychological evaluation records may exist, they are protected from disclosure by the psychotherapist-patient privilege.

To the extent documents exist that are beyond the scope of these objections, such documents are not in the possession, custody or control of this Defendant.

2. **Excluding** police academy training and attendance, all certificates and course completion proof of training in the area of emergency response pertaining to emergency responses and situations of "excited delirium" and/or mental illness received **prior to December 19, 2009.**

**RESPONSE**:

The Defendant does not have possession, custody or control of documents responsive to this Request.

3. All radio dispatch and audio Rockledge Police dispatches received by this Defendant prior to visually seeing Preston Bussey, III that could support or corroborate that he **ever** possessed a weapon or had committed any crime, including a violent crime.

**RESPONSE**:

The Defendant objects to this Request on the grounds that it is vague and ambiguous, as the terms "audio Rockledge Police dispatches" is undefined. Without waiving said objections, the Defendant does not have possession, custody or control of documents responsive to this Request.

4. Identify ALL video, surveillance, dvds, recordings, audio, visual, and any other

items of evidence this Defendant has in its custody and/or possession regarding Preston Bussey, III, that this Defendant believes would prove-up any of its factual and/or legal defenses; and/or knows is relevant to any of the issues in this lawsuit.

**RESPONSE**:

The Defendant objects to this Request as it is improper pursuant to the Rules of Civil Procedure, as it does not call for the production of documents that are within the possession, custody or control of the Defendant, but rather appears to require the Defendant to create a list that is not currently in existence. The Defendant further objects on the grounds that this Request is overly broad and fails to describe with reasonable particularity any item or category of documents to be inspected. The Defendant further objects on the grounds that this Request is vague and ambiguous, as the term "prove-up" is undefined. Moreover, the Defendant objects to the extent this Request would require the Defendant and his attorneys to disclose privileged mental impressions to determine which information supports any claims or defense or is otherwise relevant to the issues in this lawsuit. As such, the Request obviously invades the work-product and attorney-client privileges.

5.  **Excluding** police academy training and attendance, provide a copy of the course book and/or training literature and written materials this Defendant used during training for emergency responses to subjects and situations involving excited delirium and/or mental illness that was studied and/or used by this Defendant prior to December 19, 2009.

**RESPONSE**:

Documents that may be responsive to this Request are attached hereto. However, at this juncture, the Defendant cannot determine if these exact documents were available prior to December 19, 2009.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. mail to Kelsay D. Patterson, Esq., 8875 Hidden River Parkway, Suite 300, Tampa, FL 33637-2087 this 10th day of October, 2011.

JOSEPH R. FLOOD, JR., ESQ.
Florida Bar No. 0361593
JOSHUA B. WALKER, ESQ.
Florida Bar No. 0047614
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel:   407-422-4310
Fax:   407-648-0233
JFlood@drml-law.com
JWalker@drml-law.com
Attorneys for Defendants