UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CASE NO: 6:11-cv-970-Orl-36-GJK**

**J. PEARL BUSSEY-MORICE, as**
**Personal Representative of the**
**Estate of Preston Bussey, III,**

 **Plaintiff,**

**vs.**

**PATRICK KENNEDY, TIMOTHY**
**HERBERNER, GORDON HEWATT,**
**IVETTE GOMEZ, DON WILLIAMS,**
**ROBERT OWENS, MATTHEW LEVERICH,**
**and THE CITY OF ROCKLEDGE, FLORIDA,**

 **Defendants.**

_____/

## PRETRIAL STATEMENT

 COME NOW the Defendants, by and through their undersigned counsel, pursuant to the Court's Case Management Scheduling Order, as amended, and Local Rule 3.06(c), Middle District of Florida, and file this, their Pretrial Statement as follows:

 **PRELIMINARY STATEMENT REGARDING PLAINTIFF'S FAILURE TO PROVIDE INFORMATION TO BE USED IN THIS PRETRIAL STATEMENT AND REQUEST FOR STATUS CONFERENCE**

 Pursuant to the Court's Case Management and Scheduling Order and Local Rule 3.06, counsel for all Defendants conferred with Plaintiff's counsel and requested Plaintiff's input for the pretrial statement. On September 28, 2012, Defendants' counsel hand delivered a copy of the Defendants' draft pretrial statement and requested Plaintiff's feedback so that a joint statement could be timely prepared. Following that meeting, on October 3, 2012, undersigned counsel wrote to Plaintiff's counsel and once again provided another copy of the draft pretrial statement

Joint Pretrial Statement
Page 2

in an attempt to get the required information from Plaintiff. Despite these efforts, Plaintiff's counsel has not responded to the Defendants' draft pretrial statement, nor has Plaintiff submitted any information to be used in the Joint Pretrial Statement.

Accordingly, the Defendants were unable to coordinate Plaintiff's compliance for the Pretrial Statement. Pursuant to the Case Management and Scheduling Order, Section III.C., the Defendants respectfully request a status conference on these matters.

In an effort to comply with the Court's Local Rules and the Case Management and Scheduling Order, the Individual Defendants PATRICK KENNEDY, TIMOTHY HERBERNER, GORDON HEWATT, IVETTE GOMEZ, DON WILLIAMS, ROBERT OWENS, and MATTHEW LEVERICH, along with Defendant CITY OF ROCKLEDGE, FLORIDA, submit this Pretrial Statement for the Court's review.

## I.    BASIS OF FEDERAL JURISDICTION

This Court's jurisdiction is conferred by 28 U.S.C. § 1331, § 1343(3) and § 1367(a).

## II.    CONCISE STATEMENT OF THE NATURE  OF THE ACTION

Plaintiff J. PEARL BUSSEY-MORICE, personal representative of the Estate of Preston Bussey brings this suit against Defendants PATRICK KENNEDY, TIMOTHY HERBERNER, GORDON HEWATT, IVETTE GOMEZ, DON WILLIAMS, ROBERT OWENS, MATTHEW LEVERICH (the individual Defendants) and THE CITY OF ROCKLEDGE, FLORIDA as a result of an incident that occurred on December 19, 2009. Plaintiff alleges the individual Defendants, while acting under color of law, utilized unreasonable and excessive force in violation of the U.S. Constitution's Fourth Amendment in their encounter with Plaintiff's decedent Preston Bussey. Plaintiff additionally alleges claims against the CITY OF

2

Joint Pretrial Statement
Page 3

ROCKLEDGE for battery and negligent training. The individual Defendants deny that excessive or unreasonable force was utilized in their encounter with Preston Bussey. Defendant CITY OF ROCKLEDGE denies that its agents committed a battery and that its officers were negligently trained.

## III.     GENERAL STATEMENT OF EACH PARTY'S CASE

A.      **PLAINTIFF'S CASE:**  The Plaintiff has not provided a statement to Defendants' counsel.

B.      **1. INDIVIDUAL DEFENDANT'S CASE:**

The Individual Defendants' factual and legal defenses are set forth are set forth in detail in their Motions for Summary Judgment [Docs. 231, 233, 234, 235, 236, 237, 238], Responses to the Plaintiff's Third Amended Motion for Summary Judgment [Docs. 242, 234, 245, 246, 247, 248, 250], Reply to the Plaintiff's Response to Motion for Summary Judgment [Doc. 259], and their three *Daubert* motions—Motion to Exclude Expert Opinion Testimony of Dr. Carl Adams [Doc. 187], Motion to Exclude Expert Opinion Testimony of Ronald Lynch [Doc. 213] and Motion to Exclude Expert Opinion Testimony of Dr. Bernard F. Pettingill [Doc. 214].

In summary, the individual Defendants deny that their actions were the result of unreasonable or excessive force in their response to the delusional, deranged, cocaine-impaired Preston Bussey on the December 19, 2009. All the officers' actions were lawful and proper in response to the level of force and threat presented by Mr. Bussey, who was bleeding, spitting and attempting to bite the officers who were lawfully required to take him into custody pursuant to the Florida Baker Act Law. All Defendants are entitled to qualified immunity for their actions as a result of their encounter with Preston Bussey.

3

Joint Pretrial Statement
Page 4

Defendants further contend that their legitimate law enforcement actions did not result in the death of Preston Bussey, who rather died as a result of cocaine excited delirium, as determined by both the Brevard County Medical Examiner and an independent examination of Bussey's brain by noted expert Dr. Deborah Mash at the University of Miami, Miller School of Medicine.

The individual Defendants also dispute Plaintiff's damages claims, in that Preston Bussey's estate has not suffered the loss of any net accumulations, nor did Preston Bussey support his child Quinterio.

### B.    2.  DEFENDANT CITY OF ROCKLEDGE'S CASE:

This case is a civil action for damages arising out of a December 19, 2009 encounter between Preston Bussey III, on the one hand, and officers of the City of Rockledge Police Department, on the other hand.  The Plaintiff, J. Pearl Bussey-Morice, is the personal representative of the estate of Preston Bussey III. The Plaintiff claims that Preston Bussey III died as a result of his encounter with law enforcement officers on December 19, 2009.

The Plaintiff has alleged claims against Patrick Kennedy, Timothy Herberner, Gordon Hewatt, Yvette Gomez, Don Williams, Robert Owens and Matthew Leverich for excessive force under 42 USC 1983 and the 4th and 14th Amendments to the United States Constitution.  The Plaintiff has also alleged state law battery and negligent training claims against the City of Rockledge.

The Plaintiff claims that the estate of Preston Bussey III and the decedent surviving son, Quinterio Bussey, have sustained damages as a result of the wrongful conduct of the Defendants. The Defendants have denied liability.

Joint Pretrial Statement
Page 5

## IV.    LIST OF EXHIBITS TO BE OFFERED AT TRIAL

A.    Plaintiff's Exhibit List is attached hereto as Exhibit A. This is the list that was provided by Plaintiff's counsel at the attorney's pretrial meeting held on September 28, 2012. This list, in violation of this Court's Case Management and Scheduling Order, Section III.B.2 is not on the Clerk's approved form. Additionally, Plaintiff's counsel did not bring with them exhibits to the attorneys' meeting for Defendants' counsel to inspect, copy, etc., as required by this section. A transcript of the attorney's meeting has separately been filed with the Court. The Individual Defendants' objections to Plaintiff's purported exhibit list are attached as Exhibit A.1. The City of Rockledge's objections to Plaintiff's purported exhibit list are attached as Exhibit A.2.

B.    Individual Defendants' Exhibit List is attached hereto as Exhibit B.

C.    Defendant's City of Rockledge's Exhibit List is attached hereto as Exhibit C.

## V.    LIST OF WITNESSES WHO MAY BE CALLED AT TRIAL

A.    Plaintiff's Witness List: The Plaintiff has not provided a witness list to Defendants' counsel.

B.    Individual Defendants' Witness List is attached hereto as Exhibit D.

C.    Defendant City of Rockledge's Witness List is attached hereto as Exhibit E.

## VI.    LIST OF ALL EXPERT WITNESSES

A.    The Plaintiff has not provided a witness list to Defendants' counsel. Nonetheless, Plaintiff has previously disclosed the following Expert Witnesses:

1.    Ronald Lynch, Police Practices

5

Joint Pretrial Statement
Page 6

    2.    Carl Adams, Causation

    3.    Bernard Pettingill, Economic opinions regarding damages suffered by the Plaintiff

B.    Defendants' Expert Witnesses:

Retained Expert Witnesses:

1.    Major Steve Ijames
1020 East University
Springfield, MO  65807

Major Ijames is a retained expert who will testify in the areas of police practices and use of force. He will present opinions as set forth in his report, previously provided to Plaintiff in Defendant's Rule 26(2)(b) disclosure.

2.    Mr. Mark Kroll
Mark Kroll & Associates, LLC
Box 23
Crystal Bay, MN  55323

Mark Kroll is a retained expert who will testify in the areas of electrical conduction, CEDs and taser application usage and effect. He will present opinions as set forth in his report, previously provided to Plaintiff in Defendant's Rule 26(2)(b) disclosure.

3.    Dr. Frederick A. Raffa, Ph.D.
Raffa Consulting Economists, Inc.
17 South Osceola Ave, Suite 200
Orlando, FL  32801

Joint Pretrial Statement
Page 7

Dr. Raffa is a retained expert who will present economic opinions concerning the value of damages, if any, in this case. He will present opinions as set forth in his report, previously provided to Plaintiff in Defendant's Rule 26(2)(b) disclosure.

4.      Dr. Gary Vilke
        11279 Breckenridge Way
        San Diego, CA   92131

Dr. Gary Vilke is a retained expert who will present opinions in the area of electrophysiology, and physiological effects related to taser application and usage. He will present opinions as set forth in his report, previously provided to Plaintiff in Defendant's Rule 26(2)(b) disclosure.

5.      Officer Marcus Martin
        Las Vegas Police Department
        Office of Public Information
        40-B S. Martin Luther King Blvd.
        Las Vegas, NV  89106

Officer Martin is a retained expert who will testify concerning police practices and use of force as they relate to subjects with cocaine excited delirium. He will present opinions as set forth in his report, previously provided to Plaintiff in Defendant's Rule 26(2)(b) disclosure.

6.      Dr. Charles Mesloh
        Division of Justice Studies
        Florida Gulf Coast University
        10501 FGCU Blvd. S.
        Fort Myers, FL 33965

Joint Pretrial Statement
Page 8

The Defendant, City of Rockledge, has retained Charles Mesloh, PhD, to provide opinion testimony in the area of police practices and use of force. Dr. Mesloh, testify with respect to the matters outlined in his report dated March 26, 2012.

Non Retained Expert Witnesses:

1.      Dr. Sajid Qaiser
        District Eighteen Medical Examiner's Office
        1750 Cedar Street
        Rockledge, FL 32955-3133

Mr. Qaiser is not a retained expert, but may be called by the individual Defendants as an expert witness in this case. It is anticipated Dr. Qaiser will present testimony regarding the cause of death of Preston Bussey, III, that Mr. Bussey died as a result of cocaine excited delirium as well as other opinions including those set forth in the autopsy report he authored.

2.      Dr. Deborah Mash
        University of Miami
        Miller School of Medicine
        1601 NW 12th Avenue
        Miami, FL 33136

The individual Defendants have not retained but may call Dr. Deborah Mash, Ph.D. of the University of Miami as an expert witness in this case. It is anticipated Dr. Mash will testify regarding the cause of death of Preston Bussey, III, that Mr. Bussey died as a result of cocaine induced excited delirium, and other opinions regarding Mr. Bussey's cause of death and/or the condition of cocaine induced

8

Joint Pretrial Statement
Page 9

excited delirium, including those opinions which are set forth in the report authored by her and included in the autopsy records of the office of the District Eighteen Medical Examiner.

3.      Matthew Grimm
        TASER International
        17800 N. 85th Street
        Scottsdale, AZ 85255-9603

The individual Defendants have not retained, but may call Matthew Grimm of Taser International, Inc., as an expert witness in this case. It is anticipated Mr. Grimm may present testimony regarding his analysis of the Taser X26 ECDs utilized by Sgt. Hewitt and Officer Gomez at the time of the incident which is the subject of this lawsuit, including opinions that are set forth in his report of May 3, 2010.

4.      Ryan Bliss
        FDLE
        2331 Phillips Road
        Tallahassee, FL 32308-5333

The individual Defendants have not retained, but may call Ryan Bliss from the Florida Department of Law Enforcement as an expert witness in this case. It is anticipated Mr. Bliss may offer opinions regarding the results of his comprehensive investigation into this matter as well as opinions that no evidence existed that any of the Rockledge officers utilized unlawful, excessive force in their encounter with Preston Bussey, III.

5.      Norman Wolfinger, State Attorney
        Wayne Holmes, Assistant State Attorney
        Brevard County State Attorney's Office

Joint Pretrial Statement
Page 10

        51 S. Nieman Avenue
        Melbourne, FL 32901

The individual Defendants have not retained, but may call Norman Wolfinger

and/or Wayne Holmes from the Brevard County State Attorney's Office as an

expert witness in this case. It is anticipated Mr. Wolfinger and Mr. Holmes may

offer opinions that their official review of this incident concluded that none of the

Rockledge officers involved in this incident utilized any unlawful use of force and

that Preston Bussey's death was not the result of any unlawful actions of any

Rockledge Police officers including the Defendants.

6.      Dr. T. Holly, M.D.
        Florida Department of Corrections
        Reception and Medical Center
        P.O. Box 628
        Lake Butler, FL 32054

The individual Defendants have not retained, but may call Dr. Holly from the

Florida Department of Corrections as an expert witness in this case. It is

anticipated Dr. Holley will provide testimony concerning the psychiatric

diagnoses of Preston Bussey, III.

7.      Dr. Nancy MacKay
        Burnham Woods, Champa & Associates
        Counseling & Psychiatric Centers, Inc.
        1970 Michigan Ave., Bldg. J2
        Cocoa, FL 32922

The individual Defendants have not retained, but may call Dr. MacKay from

Burnham Woods, Champa & Associates Counseling & Psychiatric Centers, Inc.

Joint Pretrial Statement
Page 11

as an expert witness in this case. It is anticipated Dr. MacKay will provide testimony concerning the psychological diagnoses of Preston Bussey, III.

8.      J. Maurer, Ed.S. Psy. Spec.
        Florida Department of Corrections
        Reception and Medical Center
        P.O. Box 628
        Lake Butler, FL 32054

The individual Defendants have not retained, but may call Dr. Maurer from the Lake Butler Correctional Institute as an expert witness in this case. It is anticipated Dr. Maurer will provide testimony concerning the psychological diagnoses of Preston Bussey, III.

9.      Theodore Weber, M.Div., Psy.D.
        c/o Social Security Administration
        310 Canaveral Groves
        Cocoa, FL  32926-5963

The individual Defendants have not retained, but may call Dr. Weber from as an expert witness in this case. It is anticipated Dr. Weber will provide testimony that Preston Bussey supported himself by dealing cocaine, was homeless, and suffered from schizoaffective disorder and psychotic disorder not otherwise specified and that he has anti-social personality disorder as well as polysubstance abuse.

## VII.   STATEMENT OF THE ELEMENTS OF EACH MONEY DAMAGES CLAIM, AMOUNTS BEING SOUGHT

The Plaintiff has not provided a statement to Defendants' counsel.

## VIII.  LIST OF ALL DEPOSITIONS TO BE OFFERED INTO EVIDENCE

11

Joint Pretrial Statement
Page 12

A.    Plaintiff does not intend to introduce depositions into evidence other than for use as impeachment.

B.    Defendants does not intend to introduce depositions into evidence other than for use as impeachment.

## IX.    CONCISE STATEMENT OF THOSE FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF AT TRIAL

Plaintiff has not provided any stipulated facts for use in the Joint Pretrial Statement. However, Plaintiff previously stipulated to the following facts for the Court's determination in ruling upon the summary judgment motions [Doc. 321]:

A.    On December 19, 2009, the City of Rockledge was a municipal corporation organized and existing under the laws of the state of Florida.

B.    On December 19, 2009, Patrick Kennedy was employed as a police officer by the City of Rockledge Police Department.

C.    On December 19, 2009, Timothy Herberner was employed as a police officer by the City of Rockledge Police Department.

D.    On December 19, 2009, Timothy Hewatt was employed as a police officer by the City of Rockledge Police Department.

E.    On December 19, 2009, Yvette Gomez was employed as a police officer by the City of Rockledge Police Department.

F.    On December 19, 2009, Don Williams was employed as a police officer by the City of Rockledge Police Department.

G.    On December 19, 2009, Robert Owens was employed as a police officer by the City of Rockledge Police Department.

H.    On December 19, 2009, Matthew Leverich was employed as a police officer by the City of Rockledge Police Department.

Joint Pretrial Statement
Page 13

I.      Rockledge Police Department officers Patrick Kennedy, Timothy Herberner, Timothy Hewatt, Yvette Gomez, Don Williams, Robert Owens and Matthew Leverich responded to Wuesthoff Hospital in Rockledge, Brevard County, Florida on December 19, 2009.

J.      At approximately 01:40 A.M. On December 19, 2009, Bussey walked into the Wuesthoff Hospital emergency department.

K.      Dr. George Mallory determined that Bussey was acutely psychotic, hallucinating and needed to be Baker Acted.

L.      Dr. Mallory completed an involuntary examination Baker Act certificate for Bussey.

M.      As Bussey started to flee from the hospital, two Wuesthoff security guards spoke with Bussey and tried to convince him to stay.

N.      Bussey came back into the hospital before the Rockledge police officers arrived on the scene.

O.      The hospital employees told him not to use the phone at the front desk, but rather to use the public phone that was on the other wall in the ER lobby.

P.      The Rockledge police officers arrived shortly thereafter.

Q.      Officer Leverich was the first to arrive, with Corporal Gomez and Officer Herbener arriving seconds later.

R.      Corporal Gomez and Officer Leverich entered the emergency room lobby with their Tasers drawn.

S.      The first part of this interaction was captured on the security video.

T.      Other officers quickly arrived on the scene, including Sgt. Hewatt and Officer Owens.

U.      Sgt. Hewatt and Corporal Gomez simultaneously deployed their Tasers.

Joint Pretrial Statement
Page 14

V.    Bussey was pronounced dead at 02:42 on December 19, 2009.

**X.    <u>CONCISE STATEMENTS OF APPLICABLE PRINCIPLES OF LAW ON WHICH THERE IS AGREEMENT</u>**

Defendants provided a proposed pretrial statement to Plaintiff's counsel at the attorneys' pretrial meeting on September 28, 2012 and again on October 3, 2012 containing the below proposed principles of law on which there is agreement. However, Plaintiff did not respond and accordingly there is apparently no agreement.

A.    Jurisdiction is conferred upon this Court.

B.    Venue is proper in this Court.

C.    Qualified immunity offers complete protection for government officials sued in their individual capacity if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

D.    Once it is clear that the official was acting within the scope of his discretionary authority the burden shifts to the Plaintiff to show that qualified immunity is not appropriate. Qualified immunity implies unless 1) there was a violation of the constitution and 2) the illegality of the Defendants' actions was clearly established at the time of the incident.

E.    Whether a right is clearly established must be determined in light of the specific context of the case, not as a broad general proposition.

F.    The right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.

G.    If officers of reasonable competence could disagree on the issues, qualified immunity must be granted.

H.    Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments.

I.    Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.

J.    In this circuit, where case law in factual terms has not staked out a bright line, qualified immunity almost always protects the Defendant.

Joint Pretrial Statement
Page 15

K.      In determining whether a right is clearly established, this Court must look to the precedent of the Supreme Court of the United States, the Court of Appeals for the Eleventh Circuit and of the relevant state's highest Court.

L.      Judges must be cautious about second guessing a police officer's assessment, made on the scene, of the danger presented by a particular situation.

M.      This Court's review must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

N.      The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split second judgments—in circumstances that are tense, uncertain and rapidly evolving.

O.      In factual scenarios involving pressing emergencies, Courts must afford special deference to the decision making of the police officers involved.

P.      Florida Statute § 394.463(2)(a) provides that once a mental health professional certifies a person meets the criteria for involuntary examination "a law enforcement officer shall take a person who appears to meet the criteria for involuntary examination into custody."

Q.      Florida Statute 943.1717 authorizes taser deployment in an arrest or custodial situation during which the person who is the subject of the arrest or custody demonstrates active physical resistance and has the apparent ability to physically threaten the officers or others or is preparing or attempting to flee or escape.

R.      There must be a close causal connection or nexis between any constitutional violation and the damage or injury alleged by the Plaintiff.

S.      Medical or funeral expenses are not available except to the extent such expenses were paid by a survivor, which survivor then has the right to recover them.

T.      Minor children of the decedent may recover for lost parental companionship, instruction and guidance and for mental pain and suffering from the date of death.

U.      A parent of a deceased adult child may recover for mental pain and suffering only if there are no other survivors.

V.      Each survivor may recover the value of loss, support and services from the date of the decedent's death, reduced to present value. In computing the duration of future losses, the joint life expectancies of the survivor and the decedent and the period of minority in the case of healthy minor children may be considered.

Joint Pretrial Statement
Page 16

    W.        Survivors are the decedent's spouse, children, and parents.

    X.        A law enforcement officer need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the officer. The officer is justified in the use of any force which he or she reasonably believes to be necessary to defend himself or herself or another from bodily harm which making the arrest.

## XI.    CONCISE STATEMENT OF ISSUES OF FACT WHICH REMAIN TO BE LITIGATED

    A.        Whether the Officer PATRICK KENNEDY violated the constitutional rights of Preston Bussey by the application of objectively unreasonable and excessive force.

    B.        Whether the Officer TIMOTHY HERBERNER violated the constitutional rights of Preston Bussey by the application of objectively unreasonable and excessive force.

    C.        Whether the Officer GORDON HEWATT violated the constitutional rights of Preston Bussey by the application of objectively unreasonable and excessive force.

    D.        Whether the Officer IVETTE GOMEZ violated the constitutional rights of Preston Bussey by the application of objectively unreasonable and excessive force.

    E.        Whether the Officer DON WILLIAMS violated the constitutional rights of Preston Bussey by the application of objectively unreasonable and excessive force.

    F.        Whether the Officer ROBERT OWENS violated the constitutional rights of Preston Bussey by the application of objectively unreasonable and excessive force.

    G.        Whether the Officer MATTHEW LEVERICH violated the constitutional rights of Preston Bussey by the application of objectively unreasonable and excessive force.

    H.        Whether any of the officers had a duty to intervene.

    I.        Whether the decedent Preston Bussey had the means or the inclination to provide

Joint Pretrial Statement
Page 17

financial or emotional support to his minor child Quinterio.

J.      Whether the actions of any Defendants caused the death of Preston Bussey.

K.      Whether Preston Bussey died as a result of cocaine excited delirium following his voluntary consumption of illegal cocaine and/or other drugs.

L.      Whether and to what extent Plaintiff's decedent was under the influence of alcohol or unlawful drugs.

M.      Whether the City of Rockledge negligently provided improper or inadequate training to its officers evidencing a deliberate indifference to the rights of its inhabitants.

N.      Whether under the circumstances that existed, Patrick Kennedy, Timothy Herberner, Timothy Hewitt, Yvette Gomez, Don Williams, Robert Owens and/or Matthew Leverich were justified in using force pursuant to Florida Statute §776.05, or any other applicable statute.

O.      Whether the Plaintiff's decedent, Preston Bussey III, was under the influence of drugs (including, but not limited to, cocaine) to the extent that the decedent's normal faculties were impaired.

P.      Whether, as a result of the aforementioned cocaine or drug induced impairment, the Plaintiff's decedent, Preston Bussey III, was more than 50 percent at fault for the incident and his own death.

Q.      Whether the Plaintiff's decedent, Preston Bussey III, failed to exercise reasonable care for his own safety at the time and place of the incident that is the subject of this lawsuit and, if so, whether such negligence contributed to the death of Preston Bussey III.

R.      Whether the conduct of any of the Defendants was a legal cause of the death of Preston Bussey III.

S.      The amount of damages, if any, sustained by the Plaintiff.

## XII.   CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

A.      Applicability of Florida Statute 768.18 et seq.

B.      Applicability of Florida Statute 768.36.

17

Joint Pretrial Statement
Page 18

C.      Whether the individual Defendants' conduct violated the Constitution.

D.      Whether the law was clearly established on the date of the incident in this case that the actions of the individual Defendants' was unlawful.

E.      Whether the individual Defendants are entitled to qualified immunity from Plaintiff's constitutional claims pursuant to 42 U.S.C. Section 1983.

F.      Whether the actions of Patrick Kennedy, Timothy Herberner, Timothy Hewitt, Yvette Gomez, Don Williams, Robert Owens and/or Matthew Leverich were a legal cause of death to Preston Bussey III.

G.      Whether the City of Rockledge negligently provided improper or inadequate training to its officers evidencing a deliberate indifference to the rights of its inhabitants.

H.      What set-offs, if any, apply to any award in this matter.

I.      Whether Plaintiff or Defendant are entitled to attorney's fees and if so, in what amount.

XIII.   **CONCISE STATEMENT OF ANY DISAGREEMENT AS TO APPLICATION OF FEDERAL RULES OF EVIDENCE OR FEDERAL RULES OF CIVIL PROCEDURE**

The parties are in agreement that the Federal Rules of Evidence and Federal Rules of Civil Procedure apply to this case and there are no disagreements as to their application.

XIV.    **LIST OF ALL MOTIONS WHICH REQUIRE ACTION BY THE COURT**

A.      City's Motion to Exclude Expert Opinion Testimony of Dr. Carl W. Adams [Doc. 198]

B.      City's Motion to Exclude Expert Opinion Testimony of Dr. Bernard Pettingill [Doc. 233]

C.      Officers' Motion to Exclude Expert Opinion Testimony of Dr. Carl W. Adams (Daubert Motion) [Doc. 234]

D.      City's Motion to Strike Plaintiff's Expert, Carl Adams and Motion for Sanctions

18

Joint Pretrial Statement
Page 19

        [Doc. 236]

E.     City's Motion to Dismiss Count III of Plaintiff's Fourth Amended Complaint [Doc. 249]

F.     Plaintiff's Motion to Review Magistrate Judge's Order on Motion for Attorney Fees and Order on Motion for Leave to File [Doc. 242]

G.    Officers' Motion to Exclude Expert Opinion Testimony of Ronald Lynch (Daubert Motion) [Doc. 270]

H.    Officers' Motion to Exclude Expert Opinion Testimony of Dr. Bernard F. Pettingill (Daubert Motion) [271]

I.     Plaintiff's Objection to Magistrate's Order granting us fees and costs for our Motion for Sanctions [Doc. 142]

J.     Plaintiff's Third Motion for Partial Summary Judgment as to Liability and Qualified Immunity [Doc. 291]

K.    Defendant Patrick Kennedy's Motion for Summary Judgment [Doc. 300]

L.     Defendant Todd Hewatt's Motion for Summary Judgment [Doc. 299]

M.   Defendant Ivette Gomez' Motion for Summary Judgment [Doc. 298]

N.    Defendant Don Williams' Motion for Summary Judgment [Doc. 297]

O.    Defendant Robert Owens' Motion for Summary Judgment [Doc. 296]

P.     Defendant Timothy Herbener's Motion for Summary Judgment [Doc. 295]

Q.    Defendant Matthew Leverich's Motion for Summary Judgment [Doc. 293]

R.     Second Dispositive Motion of Defendant, City of Rockledge, for Summary Judgment [Doc. 292]

Case 6:11-cv-00970-CEM-G_K   Document 330   Filed 10/10/12   Page 20 of 20 PageID 10337

Joint Pretrial Statement
Page 20


Respectfully submitted this 10th day of October, 2012.


 /s/ *Joseph R. Flood, Jr.*

Joseph R. Flood, Jr., Esquire
Florida Bar No. 0361593
Joshua B. Walker, Esquire
Florida Bar No. 0047614
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Email:    jflood@drml-law.com
              jwalker@drml-law.com
Tel:     407-422-4310
Fax:     407-648-0233
Attorneys for Defendants Kennedy, Herbener,
Hewatt, Gomez, Williams, Owens & Leverich

 /s/  *Robert E. Bonner*

Robert E. Bonner, Esquire
Florida Bar No. 0327875
David R. Lane, Esquire
Florida Bar No. 563889
Meier, Bonner, Muszynski, O'Dell & Harvey,
P.O.
260 Wekiva Springs Road, Suite 2000
Longwood, Florida 32779
Email:    REB@fltrialteam.com
              DRL@fltrialteam.com
Tel:     407-872-7774
Fax:     407-872-7997
Attorneys for Defendant
City of Rockledge


20