UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**J. PEARL BUSSEY-MORICE,**

    **Plaintiff,**

v.                                                                                   Case No: 6:11-cv-970-Orl-41GJK

**PATRICK KENNEDY, TIMOTHY
HERBERNER, IVETTE GOMEZ, DON
WILLIAMS, ROBERT OWENS,
MATTHEW LEVERICH, CITY OF
ROCKLEDGE, FLORIDA and
GORDON HEWATT,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Reconsideration (Doc. 626) and the Responses thereto (Doc. Nos. 630, 631), Plaintiff's Motions for Attorney's Fees (Doc. Nos. 617, 618, 619) and the Responses thereto (Doc. Nos. 622, 623), Plaintiff's Motions for Sanctions (Doc. Nos. 620, 621) and the Responses thereto (Doc. Nos. 622, 624), the City's Motion to Quantify Attorney's Fees (Doc. 615), Defendants' Motion to Quantify Attorneys' Fees and Costs (Doc. 625), and Plaintiff's Motion to Disqualify (Doc. 632). For the reasons stated herein, Plaintiff's Motion for Reconsideration, motions for attorney's fees, motions for sanctions, and Motion to Disqualify will all be denied. The City's Motion to Quantify Attorney's Fees and Defendants' Motion to Quantify Attorneys' Fees and Costs will be granted.

### I. BACKGROUND

On January 12, 2018, this Court entered an Order ("January 12 Sanctions Order," Doc. 612), sanctioning Plaintiff's counsel for misconduct that has occurred throughout this litigation. In

response to that Order, the parties have filed numerous motions, which are ripe for review. The Court will address each of the pending motions in turn.

## II. MOTION FOR RECONSIDERATION

Plaintiff asks the Court to reconsider its January 12 Sanctions Order. Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007). For a claimant to prevail on a motion for reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Lacy v. BP, PLC*, 11-Civ-21855-COOKE/TURNOFF, 2015 WL 11822160, at *1 (S.D. Fla. Nov. 4, 2015) (quotation omitted). Finally, "[r]econsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

Plaintiff asks the Court to reconsider its rulings stated in the January 12 Sanctions Order with respect to (1) the City's Renewed Motion to Quantify Attorney's Fees (Doc. 501), (2) the Individual Defendants'[1] Motion for Civil Contempt and Sanctions (Doc. 592), (3) Defendant Kennedy's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. 511), (4) Defendants Leverich, Owens, Williams, and Herbener's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. 512), and (5) the City's Amended Motion for Attorney's Fees (Doc. 596). Plaintiff argues

---

[1] The term "Individual Defendants" will be used throughout this Order to refer collectively to Defendants Patrick Kennedy, Timothy Herbener, Gordon Hewatt, Ivette Gomez, Don Williams, Robert Owens, and Matthew Leverich.

that reconsideration is warranted because there is a need to correct clear error and manifest injustice. All of Plaintiff's arguments are without merit.

First, Plaintiff argues that she inadvertently failed to include arguments opposing Defendants' motions for sanctions pursuant to § 1927 in the responses she filed.[2] Plaintiff fails to explain why she should get a second bite at the apple, even where her failure to respond was an honest mistake. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (quotation omitted)). Second, Plaintiff argues that sanctions were improperly ordered against one of Plaintiff's attorneys, Wendell Locke, pursuant to § 1927 because all of the conduct justifying sanctions occurred before Locke filed a notice of appearance in the case. However, in deciding to impose sanctions against Locke in the January 12 Sanctions Order, the Court cited many incidents that occurred after Locke filed his Notice of Appearance (Doc. 252); these incidents demonstrated that Plaintiff's counsel—including Locke—litigated this case unreasonably and vexatiously. (*See* Doc. 612 at 26–28). Accordingly, this argument fails to persuade the Court that § 1927 sanctions were improperly ordered against Locke.

Next, Plaintiff argues that she was denied due process. Specifically, Plaintiff argues that it was improper for the Court to rely upon record documents that were not cited by Defendants in their motions for sanctions to support its decision to impose sanctions against Plaintiff's counsel. Plaintiff contends that the Court imposed sanctions for reasons not raised by opposing counsel,

---

[2] The first argument Plaintiff actually raised in her motion for reconsideration was that the law of the case doctrine precludes this Court from changing prior rulings after the entry of final judgment. (*See* Doc. 626 at 3–7). However, Plaintiff has withdrawn this argument. (Notice of Withdrawal, Doc. 628). Thus, the Court declines to address it.

and therefore, Plaintiff was denied due process because she and her counsel were not afforded notice and a hearing to respond to the bases raised *sua sponte* by the Court. Plaintiff's argument is without merit. First and foremost, Plaintiff was afforded notice and an opportunity to respond. In addition to having an opportunity to file written responses to Defendants' various motions for sanctions, the Court held a hearing on September 27, 2017, permitting Plaintiff's counsel to address why sanctions should not be imposed. (*See* Sept. 6, 2017 Order, Doc. 603, at 1–2; Min. Entry, Doc. 608. *See generally* Sept. 27, 2017 Tr., Doc. 610). Second, Plaintiff's objection to the Court's reliance on record documents to impose sanctions is nonsensical. Defendants argued in their motions that sanctions were appropriate under § 1927 because Plaintiff's counsel had litigated this case vexatiously. In addition to relying on the documents cited by Defendants, the Court independently conducted a thorough examination of the entire record in this case to determine whether Plaintiff's counsel's behavior necessitated the imposition of sanctions. It goes without saying that the Court is allowed to review and rely upon record documents in reaching its conclusions. Indeed, this ensures that the Court's decisions are supported by the record. Third, many of the documents that Plaintiff purports were not referenced by Defendants were in fact cited by Defendants in their sanctions motions or addressed at the September 27, 2017 hearing.

Finally, Plaintiff avers that there have been additional instances where the Court has demonstrated partiality towards Defendants and, as a result, Plaintiff and her counsel were denied due process. In particular, Plaintiff asserts that she was denied due process where the Court ruled on motions without giving Plaintiff an opportunity to respond. For example, Plaintiff argues that she was denied due process when the Court granted Defendants' Motion for Leave to File a Reply (Doc. 551) and Defendants' Motion for Extension of Time (Doc. 613) without first hearing from Plaintiff. Plaintiff fails to cite any legal authority indicating that the Court acted improperly when

it granted Defendants' motions without first hearing from Plaintiff. Moreover, the purported denial of due process in these two instances fails to establish that the Court's rulings in its January 12 Sanctions Order were the result of clear error or manifest injustice.

In sum, Plaintiff has failed to satisfy her heavy burden and demonstrate that reconsideration of the Court's January 12 Sanctions Order is warranted. Therefore, Plaintiff's Motion for Reconsideration will be denied.

### III. PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES AND SANCTIONS

Defendants previously filed motions for sanctions pursuant to Rule 11 (Doc. Nos. 511, 512, 596), which this Court denied in its January 12 Sanctions Order. (Doc. 612 at 24). Plaintiff now seeks attorney's fees as the prevailing party on Defendants' Rule 11 motions. (Doc. Nos. 617, 618, 619). Plaintiff also asks the Court to sanction defense counsel pursuant to 28 U.S.C. § 1927 for filing the Rule 11 sanctions motions. (Doc. Nos. 620, 621).

Federal Rule of Civil Procedure 11(c)(2) provides that "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." "[A]s the language of the provision makes clear, prevailing party status does not entitle the Plaintiff to attorney fees as a matter of course. Instead it is left up to the Court's discretion." *Denning v. Powers*, No. 12-14103-CIV-MARTINEZ/LYNCH, 2012 WL 12865839, at *1 (S.D. Fla. Nov. 26, 2012), *report and recommendation adopted*, 2012 WL 12867837 (S.D. Fla. Dec. 28, 2012). For Plaintiff to be entitled to an award of attorney's fees as the prevailing party on a Rule 11 motion, the "Rule 11 motion, itself, must have been clearly frivolous, filed for [an] improper purpose, or not well-grounded in fact or law." *Id.*; *see also Miller v. RelationServe, Inc.*, No. 05-61944-CIV, 2006 WL 5849318, at *8 (S.D. Fla. Dec. 1, 2006) ("[I]n order for the Court to find a violation of Rule 11 by [defense] counsel it must determine that the claims asserted by [the defendants] in

[their] Motion for Sanctions were objectively frivolous and unreasonable and that [defense] counsel was aware that they were frivolous." (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)).

Additionally, Title 28 of the United States Code § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "To justify an award of sanctions a court must find that three predicates apply: (1) an attorney must engage in unreasonable and vexatious conduct; (2) this conduct must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Traffic Sports USA, Inc. v. Federacion Nacional Autonoma De Futbol De Honduras*, No. 08-20228-CIV, 2008 WL 4792196, at *4 (S.D. Fla. Oct. 31, 2008).

"[A]n attorney multiplies proceedings unreasonably and vexatiously within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quotation omitted). "For an attorney's conduct to be classified as egregious, the attorney must knowingly or recklessly pursue a frivolous claim. Negligent conduct alone will not support a finding of bad faith under § 1927, and for sanctions to be appropriate something more than a lack of merit is required." *Traffic Sports USA, Inc.*, 2008 WL 4792196, at *4 (citing *Hudson v. Int'l Comput. Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007)). "[F]or purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Amlong & Amlong, P.A.*, 500 F.3d at 1239. "What is crucial is whether, regardless of the attorney's subjective intentions, the

conduct was unreasonable and vexatious when measured against an objective standard." *Hudson*, 499 F.3d at 1262.

Plaintiff argues that an award of attorney's fees under Rule 11 and sanctions pursuant to § 1927 are appropriate because (1) the Defendants' Rule 11 sanctions motions were untimely, (2) the motions improperly sought sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 in the same document—according to Plaintiff, Defendants were required to file motions for Rule 11 sanctions separately, and (3) the Eleventh Circuit denied different motions for sanctions brought by Defendants.[3] Plaintiff also repeatedly declares that the filing of the Rule 11 sanctions motions amounted to frivolous, intentional, unreasonable, and vexatious conduct that is so egregious that it is tantamount to bad faith. The Court is not persuaded that Defendants' Rule 11 sanctions motions were frivolous so as to support an award of attorney's fees against Defendants under Rule 11. The procedural grounds raised by Plaintiff—the timing of the motions[4] and the fact that Defendants requested sanctions pursuant to Rule 11 and § 1927 in a single document—fail to demonstrate that the motions were frivolous, filed for an improper purpose, and not grounded in fact or law. Additionally, the fact that the Eleventh Circuit concluded that Plaintiff's second appeal was not frivolous and that the circuit court denied different motions for sanctions filed by

---

[3] Plaintiff also argues that she is entitled to attorney's fees and sanctions against the City because the City failed to comply with Eleventh Circuit Rules. Specifically, the City failed to move for the Eleventh Circuit to transfer consideration of attorney's fees incurred on appeal to the district court; rather, the City filed an Amended Motion for Attorney's Fees with the district court (Doc. 596), which included its attorney's fees arising out of the appeal. However, the record indicates that the Court authorized the City to file an amended motion for attorney's fees to include attorney's fees expended on appeal. (May 30, 2017 Order, Doc. 595, at 1). Consequently, the Court does not find the City's conduct to be unreasonable or vexatious. It is also worth noting that the City has not actually sought to recover its attorney's fees expended on appeal.

[4] The Court declines to determine whether the sanctions motions were timely filed. Nevertheless, the Court finds that this "procedural defect," (*see, e.g.*, Doc. 617 at 6), raised by Plaintiff is insufficient to support an award of attorney's fees.

Defendants does not mean that the motions for sanctions filed with this Court—which were based on Plaintiff's pursuit of allegedly baseless claims—were frivolous. Similarly, that Defendants' requests for Rule 11 sanctions were ultimately denied by this Court does not establish that the motions were frivolous. *See Denning*, 2012 WL 12865839, at *1 ("Although the [d]efendant lost its motion, it does not follow therefrom that the motion was frivolous.").

Furthermore, defense counsel did not act unreasonably or vexatiously in filing their motions for sanctions. Although Defendants' request for Rule 11 sanctions was denied by this Court, their request for sanctions pursuant to § 1927—which was presented in the same motion as the request for Rule 11 sanctions—was granted. As such, Defendants' Rule 11 sanctions motions did not unnecessarily multiply the proceedings. Given Plaintiff's counsel's conduct throughout this litigation, (*see generally* Doc. 612), the Court finds that Defendants were completely justified in seeking sanctions. Accordingly, Plaintiff's motions for attorney's fees as the prevailing party on Defendants' Rule 11 sanctions motions will be denied as will Plaintiff's motions for sanctions pursuant to § 1927.

### IV. MOTIONS TO QUANTIFY ATTORNEY'S FEES

In this Court's January 12 Sanctions Order, the Court granted Defendants' motions for attorney's fees as sanctions and directed Defendants to file a motion to quantify, "outlining the attorney's fees, costs and expenses incurred in responding to [Plaintiff's] Amended Motion to Vacate." (Doc. 612 at 34–35). The City has filed a Motion to Quantify (Doc. 615), requesting $2,960, and the Individual Defendants have filed a Motion to Quantify (Doc. 625), requesting $7,824.

The City has relied on the lodestar method to determine the amount of attorney's fees owed. Under that method, the lodestar fee is calculated by multiplying the reasonable hourly rates of

counsel by the number of hours expended on the litigation. *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1147 (11th Cir. 1993).

The City's fee request is based on 18.5 hours of services provided by Robert Bonner, counsel for the City, at the rate of $160 per hour. The Court finds that Bonner's hourly rate of $160 is reasonable. Further, the Court concludes that the 18.5 hours of work performed by Bonner in connection with Plaintiff's Amended Motion to Vacate is reasonable.[5] Therefore, the City's Motion to Quantify Attorney's Fees will be granted. Plaintiff's counsel will be jointly and severally liable for the payment of $2,960 to the City.

The Individual Defendants also appear to rely on the lodestar method and seek attorney's fees in the amount of $7,824, which is based on 49.1 hours of work performed to respond to Plaintiff's Amended Motion to Vacate and to prepare a motion for sanctions based on Plaintiff's frivolous Amended Motion to Vacate. The 49.1 hours includes 0.4 hours of paralegal time at a rate of $80.00 per hour and 48.7 hours of partner time at a rate of $160.00 per hour. The Court finds that these hourly rates are reasonable.[6] Additionally, the Court has reviewed the billing entries of counsel for the Individual Defendants and concludes that the 49.1 hours is reasonable. (*See* Billing Entries, Doc. 625-1, at 5–7).[7] Thus, the Individual Defendants' Motion to Quantify Attorneys'

---

[5] In support of its request for fees, the City submitted Bonner's time entries. (*See* Invoice, Doc. 616-3, at 1). Additionally, the City has indicated that Plaintiff's counsel, Locke, does not oppose the amount of the fee requested. (Doc. 615 at 5).

[6] Locke does not object to the hourly rates requested; however, he does object to the number of hours expended. (*See* Doc. 625 at 4). Notably, Locke did not file a response to the Individual Defendants' Motion to Quantify.

[7] In addition to the billing entries, which justify the Individual Defendants' request for fees for 49.1 hours of work, the Individual Defendants explain in their motion that defense counsel was required to spend a significant amount of time responding to Plaintiff's Amended Motion to Vacate Judgment and filing the resulting motions for sanctions against Plaintiff because in doing so, "undersigned counsel was required to scour the record, in both the [d]istrict and [c]ircuit courts" due to Plaintiff's failure to mention in the Motion to Vacate and the Amended Motion to Vacate that the evidence supporting these motions was not new evidence. (Doc. 625 at 2–3). Further,

Fees and Costs will be granted. Plaintiff's counsel will be jointly and severally liable for the payment of $7,824 to the Individual Defendants.

## V. MOTION TO DISQUALIFY

On February 21, 2018, Locke sent Elizabeth Warren, Clerk of the Court for the United States District Court for the Middle District of Florida, a letter requesting certain information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. ("Apr. 4 Letter," Doc. 632, at 1). Warren denied Locke's FOIA request. (*Id.*). On April 4, 2018, Locke sent Warren yet another letter. (*See id.*). Though Locke conceded "that the court is not obligated to comply with the undersigned's request pursuant to FOIA," he nevertheless averred that he is "entitled to the information sought in the FOIA request pursuant to the common law right of access to judicial records." (*Id.*). Accordingly, Locke requested that Warren produce "[a]ny and all e-mails, correspondence and records from the Clerk regarding any policy changes of then Chief Judge Anne C. Conway," including correspondence regarding assignment and/or reassignment of cases to or from Judge Charlene Edwards Honeywell and to or from Judge Carlos E. Mendoza. (*Id.* at 1–2). Given Locke's apparent concern that this case was "erroneously reassigned from . . . Judge Charlene Edwards Honeywell to . . . [the undersigned]," (*id.* at 2–3), the Court construes the April 4 Letter as a Motion to Disqualify, which will be denied. Plaintiff has not shown that the undersigned was improperly assigned to this case or established any other basis justifying the undersigned's disqualification.

## VI. CONCLUSION

---

despite the fact that the legal and factual issues presented by Plaintiff required significant effort from defense counsel, the Individual Defendants have only sought to collect for a portion of the expenses incurred in responding to Plaintiff's motions. (*Id.* at 3). This persuades the Court that the Individual Defendants have not sought attorney's fees for an excessive amount of hours.

For the reasons stated herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration (Doc. 626) is **DENIED**.

2. Plaintiff's Motions for Attorney's Fees (Doc. Nos. 617, 618, 619) are **DENIED**.

3. Plaintiff's Motions for Sanctions (Doc. Nos. 620, 621) are **DENIED**.

4. The City's Motion to Quantify Attorney's Fees (Doc. 615) is **GRANTED**. **On or before September 24, 2018**, Plaintiff's counsel is ordered to pay sanctions to the City in the amount of $2,960.

5. Defendants' Motion to Quantify Attorneys' Fees and Costs (Doc. 625) is **GRANTED**. **On or before September 24, 2018**, Plaintiff's counsel is ordered to pay sanctions to the Individual Defendants in the amount of $7,824.

6. Plaintiff's Motion to Disqualify (Doc. 632) is **DENIED**.

7. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 27, 2018.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record